EDMUND. F. WEBB, administrator, in equity,

*vs.*

EDMUND A. FULLER and another.

Waldo.    Opinion December 8, 1885.

*Equity.*

Equity is a proper remedy where a mother for a long period intrusted the possession and management of her property, consisting of bonds, stocks and money, to her two sons, who have changed its form from time to time, and refuse, after her death, to account therefor with her administrator.

ON exceptions to the ruling of the court in overruling the defendants' demurrer to the bill.

The opinion states the material facts.

*Appleton Webb*, for the plaintiff, cited : R. S., c. 77, § 13 ; 1 Pom. Eq. Jur. § § 82, 83, 191, 176, 112, 114, 115, 201, 159, 157, 155, 130 ; *Rathbone* v. *Warren*, 10 Johns. 587 ; *King* v. *Baldwin*, 17 Johns. 384 ; *Bromley* v. *Holland*, 7 Ves. 19 ; *East India Co.* v. *Boddam*, 9 Ves. 464 ; 1 Perry, Trusts, § 166 ; *Ryan* v. *Dox*, 34 N. Y. 307 ; 2 Pom. Eq. Jur. § § 947, 951–955, 956, 959, 960 ; *Sprague* v. *Rhodes*, 4 R. I. 301 ; *Dike* v. *Greene*, 4 R. I. 285.

There was no argument for defendants at law court.

PETERS, C. J. Roundly stated, the complainant's grievance is that the defendants, sons of the deceased intestate, were intrusted, for some years in her lifetime, with a complete possession and control of her property, consisting of bonds, stocks and money ; that they managed the property as they pleased, and in the end converted the same to their own use ; that the mother was weak and infirm, and that by means of her infirmities, the sons fraudulently obtained her signature to releases and assignments and pretended settlements ; and the complainant asks for discovery and relief.

The defendants demur to so much of the bill as calls for an account of any money, stocks or other property, or any interest

and dividends thereon, or for the restoration of any property or its proceeds. Being without a brief from the defendants' side of the case, we can only infer that the objection to this part of the bill is that a legal remedy would be sufficient. No doubt, an action at law would lie, but we believe that the equitable will be a more expeditious and adequate remedy.

It is to be admitted that the equitable remedy can not be appealed to in all cases where the relation of principal and agency exists, or where accounts should be rendered, — in some cases it may be. Any general rule of distinction between the classes of cases falling on different sides of the line, would be difficult to ascertain. Mr. Pomeroy discusses the origin of the equitable jurisdiction in suits for an accounting, (3 Eq. Jur. § 1421, and notes,) and says that the jurisdiction is extended to cases where there are circumstances of great complication, or difficulties in the way of adequate relief at law, even if the accounts are all on one side; and especially if any sort of a fiduciary relation exists between the parties. In a note to the section cited, it is said: " But where the relation is such that a confidence is reposed by the principal in his agent, and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity will assume jurisdiction. " To this, numerous cases are cited. That equity should not hesitate to give a helping hand in the circumstances of the case before us, we have no doubt.

*Demurrer overruled.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.